STATE OF INDIANA *v.* DAVIS ET AL.

[No. 28,441. Filed March 25, 1949.]

*Cleon H. Foust,* Attorney General, *Merl M. Wall,* Deputy Attorney General, *Judson L. Stark,* Prosecuting Attorney, and *John H. Daily,* of Indianapolis (of counsel), for appellant.

*David M. Lewis* and *Edwin McClure,* both of Indianapolis, for appellees.

*Edwin Steers, Sr., amicus curiae.*

STARR, C. J.—This is an indictment in two counts for the violation of the Indiana Election Code. This Code was adopted in 1945 and is Chapter 208 of the Acts of the Indiana General Assembly. Sections 29-2801 to 29-6003, Burns' 1933 (1946 Supp.).

Appellees moved to quash each count of this indictment for the reason: first, that the same did not state facts sufficient to constitute a public offense; second, that the offense was not stated with sufficient certainty. This motion was sustained.

The State has appealed and assigned as error the sustaining of the motion to quash. In its brief the appellant has abandoned any claimed error of the trial court as to count one.

The specific charge in count two of this indictment is that the appellees, John Davis, Leo T. Wilkins and Martin E. Goettling, were the election board at the primary election held May 7, 1946, in Precinct Two in the Sixteenth Ward of the City of Indianapolis; that the appellees, George Alexander and Geneva Roberts were the poll clerks at said precinct during said election; that the appellees, Ethel Pattison and Charles Koons, were the sheriffs in said precinct at said election. It was

further alleged that it was the duty of the appellees to require each elector to sign his name and address on the voters' poll-list, and in case of doubt concerning any voter's identity, their duty was to compare such signature with the signature on the affidavit of registration of such voter before permitting said voter to vote. It is further alleged that the defendants did unlawfully, etc., omit and neglect to perform such duty "in that they did not require *each* elector to sign his name and address on the voters' poll-list . . . as required by law before permitting said voter to vote."

Count two of this indictment was evidently based upon § 259 of said Code being § 29-5020, Burns' 1933 (1946 Supp.) which provides that when an elector shall have passed the challengers or shall have been sworn in, he shall be admitted to the election room. On entering the room, the elector shall announce his name to the clerk and he shall be required to sign his name and address on a record to be kept by the election board, which shall be known as the voters' poll-list. Section 403 of the Act which is § 29-5917, Burns' 1933 (1946 Supp.) provides, among other things, that any election officer upon whom any duty is imposed by the act, who shall wilfully omit and neglect to perform such duty, or any act prohibited therein, for which punishment is not otherwise provided, shall be guilty of a felony.

It is our opinion that the charge herein is not sufficiently certain. It is alleged that the appellees did not require *each* elector to sign his name and address in the voters' poll-list. By this allegation it is not certain what elector or electors were not required to so sign their names. It might have been all of the electors or any of them.

The appellees were entitled to know what particular

elector or electors were not so required to sign their names and addresses.

It is extremely doubtful under the provision of the Indiana Election Code whether it was the duty of the appellees, other than the election board which consists of one inspector and the two judges, to require such signature and addresses. The above quoted § 259 of the Code provides that the voters' poll-list shall be kept by the election board and not by the clerks and sheriffs. It would seem that the duty alleged to have been violated was the duty of the election board and not of the clerks and sheriffs as they work under the direction of the board. This question will not be decided as it has not been briefed by the parties.

The Court committed no error in quashing the indictment.

The judgment is affirmed.

NOTE.—Reported in 84 N. E. 2d 718.